**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JOSE E. ROSARIO-FABREGAS,
              Appellant,

       v.

DEPARTMENT OF THE ARMY,
              Agency.

DOCKET NUMBER
NY-0752-13-0142-C-1

DATE: December 5, 2022

# THIS ORDER IS NONPRECEDENTIAL[1]

Jose E. Rosario-Fabregas, San Juan, Puerto Rico, pro se.

Elizabeth Vavrica and Elizabeth Moseley, Jacksonville, Florida, for the
    agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## ORDER

¶1      The appellant has filed a petition for review of the compliance initial
decision, which granted in part his petition for enforcement. In his petition for
review, the appellant reasserts that the agency is in noncompliance with the
Board's order regarding his return to duty, he disputes the instructions included in

---

[1] A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law. Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions. In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the administrative judge's compliance initial decision, and he presents several arguments pertaining to prior appeals already disposed of by the Board. Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the compliance initial decision, referring the petition for enforcement to the Board's Office of General Counsel for additional processing and issuance of a final decision.  *See* 5 C.F.R. § 1201.183(c).

¶2        Outstanding issues of compliance remain as to the appellant's back pay and interest, information provided to the Social Security Administration for withholdings, and the appellant's Thrift Savings Plan.  The agency submitted argument and evidence on June 16, August 11, October 10, October 20, and November 21, 2017, which have been entered into the record in MSPB Docket No. SF-0752-13-0142-X-1.  The Board's Acknowledgment Order for MSPB Docket No. SF-0752-13-0142-X-1, dated June 16, 2017, includes instructions for how the parties must proceed in that matter, which is pending before the Board's Office of General Counsel.

¶3     All subsequent filings should refer to MSPB Docket No. NY-0752-13-0142-X-1 and should be faxed to (202) 653-7130 or mailed to the following address:

Clerk of the Board
U.S. Merit Systems Protection Board
1615 M Street, N.W.
Washington, D.C. 20419

Submissions may also be made by electronic filing at the MSPB's e-Appeal site (https://e-appeal.mspb.gov) in accordance with the Board's regulation at 5 C.F.R. § 1201.14.

¶4     The agency is reminded that if it fails to provide adequate evidence of compliance, the responsible agency official and the agency's representative may be required to appear before the Office of the General Counsel of the Merit Systems Protection Board to show cause why the Board should not impose sanctions for the agency's noncompliance in this case.  5 C.F.R. § 1201.183(c). The Board's authority to impose sanctions includes the authority to order that the responsible agency official "shall not be entitled to receive payment for service as an employee during any period that the order has not been complied with." 5 U.S.C. § 1204(e)(2)(A).

¶5     This Order does not constitute a final order and is therefore not subject to judicial review under 5 U.S.C. § 7703(a)(1).  Upon the Board's final resolution of the remaining issues in this petition for enforcement, a final order shall be issued which shall be subject to judicial review.


FOR THE BOARD:               /s/ for
                             _____
                             Jennifer Everling
                             Acting Clerk of the Board
Washington, D.C.